UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES BAILEY, as Personal Representative
of the Estate of Jane Bailey, deceased, and
JAMES BAILEY, as Next Friend of ROBERT
BAILEY, a minor,   Case No. 11-14199

       Plaintiff,   District Judge George Caram Steeh

v.   Magistrate Judge R. Steven Whalen

NYLONCRAFT, INC.,

       Defendant.
_____/

**ORDER**

Before the Court are Defendant's Emergency Motion to Compel Medical Examination of Robert Bailey [Doc. #29] and Ex Parte Motion to Expedite Emergency Motion [Doc. #30], which have been referred for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A). For the reasons set forth below, both motions are GRANTED.

Regarding independent medical examinations ("IME's"), Fed.R.Civ.P. 35 provides that upon a motion for good cause, the court "may order a party whose mental or physical condition...is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Plaintiffs' First Amended Complaint alleges that Robert Bailey, a minor, suffered "severe and grievous injuries," which "have resulted in severe and debilitating pain requiring emergency care, in-patient hospitalization and follow-up care." *First Amended Complaint*, ¶ 24 [Doc. #1]. The First Amended Complaint also alleges that Robert Bailey has suffered "a serious impairment of bodily functions; pain and suffering; loss of earnings; medical and hospital expenses; loss of services; mental and emotional distress; fright and shock; embarrassment; humiliation; mortification;

-1-

nervousness; anxiety; irritability; depression; disfigurement and may have aggravated pre-existing conditions." *Id.*, ¶ 26.

Thus, Robert Bailey's physical and mental conditions are clearly "in controversy." Moreover, "good cause" for an IME is shown where a plaintiff alleges a mental or physical injury. *Schlagenhauf v. Holder*, 379 U.S. 104, 119 (1964).

In opposing the Defendant's motion, Plaintiffs do not argue that the IME would be improper under Rule 35, or that Robert Bailey's medical condition is not in issue, but rather assert that "[t]here is no reason given why this medical examination could not have taken place before [the June 25, 2012] so as to give the Plaintiffs an opportunity to rebut before discovery cut-off." *Plaintiffs' Response* [Doc. #36], p.2.  Claiming prejudice, "in not having the ability to rebut prior to July 13, 2012," Plaintiffs conclude, "The issue before the Court is not whether the Defendant should be allowed a medical examination but rather the delay in the request until the 11th hour causing prejudice to the Plaintiffs." *Id*. In support of their opposition, Plaintiffs cite only a single decision from the District of Colorado, *Rehberg v. City of Pueblo*, _F.Supp.2d_, 2012 WL 1130154 (D.Colo. 2012), dealing with the untimely disclosure of expert witness reports.

Discovery cut-off in this case is July 13, 2012. While Plaintiffs and Defendant disagree as to when Defendant obtained all of Robert Bailey's medical records, that dispute is irrelevant to this motion. Robert Bailey's IME was noticed on June 12, 2012, and scheduled for June 25, 2012, both dates being well within the discovery cut-off period. Following the IME, Plaintiffs still have time to prepare a rebuttal, if necessary. Moreover, Defendant would surely agree to a short extension for Plaintiff to prepare a rebuttal report if extra time is needed. If not, Plaintiffs can move for a short extension on a showing of good cause. In short, and unlike the *Rehberg* case, Defendant is in

compliance with the Court's scheduling order for discovery, and Plaintiffs have shown no prejudice.

Defendant's motions [Doc. #29 and Doc. #30] are therefore GRANTED.

IT IS SO ORDERED.

s/ R. Steven Whalen<br>R. STEVEN WHALEN<br>UNITED STATES MAGISTRATE JUDGE

Date: June 21, 2012

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on June 21, 2012.

Johnetta M. Curry-Williams<br>Case Manager