UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES BAILEY, as Personal Representative
of the Estate of Jane Bailey, deceased, and
JAMES BAILEY, as Next Friend of Robert
Bailey, a minor

        Plaintiff,                                Case No. 2:11-cv-14199

v.                                               Hon. George Caram Steeh

                                                        Mag. Judge R. Steven Whalen

NYLONCRAFT, INC.,

        Defendant.

---

ROBERT H. DARLING (P25523)
ROBERT H. DARLING, PLLC
Attorney for Plaintiff
645 Griswold St., Ste 4200
Detroit, MI  48226
(313) 967-0245
rdarling@mckeenassociates.com

FRANCIS FITZGERALD (P27273)
Attorney for Plaintiff
35752 Harper Avenue, Unit A
Clinton Township, MI  48035
(586) 469-2100
fk@lawoptions.com

JESSE L. YOUNG (P72614)
SOMMERS SCHWARTZ, P.C.
Interested Party
2000 Town Center, Ste. 900
Southfield, MI  48075
(248) 355-0300
jyoung@sommerspc.com

BRUCE T. WALLACE (P24148)
Counsel for Robert H. Darling
126 South Main
Ann Arbor, MI  48104
(734) 662-4426
bwallace@hooperhathaway.com

MARK R. BENDURE (P23490)
Attorney for Robert H. Darling
645 Griswold, Suite 4100
Detroit, MI  48226
(313) 961-1525
bendurelaw@cs.com

KENNETH C. MERRITT (P29778)
TRENT B. COLLIER (P66448)
COLLINS, EINHORN, FARRELL & ULANOFF
Attorneys for Defendant
4000 Town Center, Suite 900
Southfield, MI  48075
(248) 355-4141
kenneth.merritt@ceflawyers.com
trent.collier@ceflawyers.com

DONALD H. DAWSON, Jr. (P29692)
KATHLEEN A. CLARK (P43295)
DAWSON AND CLARK
Co-Counsel for Defendant
243 W. Congress, Suite 600
Detroit, MI  48226
(313) 256-8900
ddawson@dawson-clark.com
kclark@dawson-clark.com

S. THOMAS WIENNER (P29233)
WIENNER & GOULD, P.C.
Attorney for Lienholder Sommers Schwartz, P.C.
950 West University Dr., Ste. 350
Rochester, MI  48304
(248) 841-9400
twienner@wiennergould.com

---

**RESPONSE OF SOMMERS SCHWARTZ, P.C. TO
MOTION OF ROBERT H. DARLING, PLLC AND
FRANCIS M. FITZGERALD, P.C. SEEKING, *INTER ALIA*,
<u>ORDER AUTHORIZING PAYMENT OF ATTORNEY FEES AND COSTS</u>**

**RESPONSE OF SOMMERS SCHWARTZ, P.C. TO
MOTION OF ROBERT H. DARLING, PLLC AND
FRANCIS M FITZGERALD, P.C. SEEKING, *INTER ALIA,*
<u>ORDER AUTHORIZING PAYMENT OF ATTORNEY FEES AND COSTS</u>**

For the reasons set forth more fully in the accompanying brief in support of this response, Sommers Schwartz, P.C. ("Sommers Schwartz") objects to entry of an order authorizing payment of attorneys' fees and costs to Robert H. Darling, PLLC until such time as the Court holds a separate hearing to determine the amount of Sommers Schwartz's *quantum meruit* attorney lien. Sommers Schwartz has no objection to the proposed settlement or to the distribution of the rest of the proceeds.

          Respectfully submitted,

          <u>/s/ S. Thomas Wienner (P29233)</u>
          Wienner & Gould, P.C.
          Attorney for Lienholder Sommers Schwartz, P.C.
          950 W. University Dr., Ste. 350
          Rochester, MI  48307
          (248) 841-9400
          Primary email:  twienner@wiennergould.com

Date:  December 10, 2012

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JAMES BAILEY, as Personal Representative
of the Estate of Jane Bailey, deceased, and
JAMES BAILEY, as Next Friend of Robert
Bailey, a minor

        Plaintiff,                          Case No. 2:11-cv-14199

v.                                          Hon. George Caram Steeh
                                              Mag. Judge R. Steven Whalen

NYLONCRAFT, INC.,

        Defendant.
_____

ROBERT H. DARLING (P25523)
ROBERT H. DARLING, PLLC
Attorney for Plaintiff
645 Griswold St., Ste 4200
Detroit, MI 48226
(313) 967-0245
rdarling@mckeenassociates.com

FRANCIS FITZGERALD (P27273)
Attorney for Plaintiff
35752 Harper Avenue, Unit A
Clinton Township, MI 48035
(586) 469-2100
fk@lawoptions.com

JESSE L. YOUNG (P72614)
SOMMERS SCHWARTZ, P.C.
Interested Party
2000 Town Center, Ste. 900
Southfield, MI 48075
(248) 355-0300
jyoung@sommerspc.com

BRUCE T. WALLACE (P24148)
Counsel for Robert H. Darling
126 South Main
Ann Arbor, MI 48104
(734) 662-4426
bwallace@hooperhathaway.com

MARK R. BENDURE (P23490)
Attorney for Robert H. Darling
645 Griswold, Suite 4100
Detroit, MI 48226
(313) 961-1525
bendurelaw@cs.com

KENNETH C. MERRITT (P29778)
TRENT B. COLLIER (P66448)
COLLINS, EINHORN, FARRELL & ULANOFF
Attorneys for Defendant
4000 Town Center, Suite 900
Southfield, MI 48075
(248) 355-4141
kenneth.merritt@ceflawyers.com
trent.collier@ceflawyers.com

DONALD H. DAWSON, Jr. (P29692)
KATHLEEN A. CLARK (P43295)
DAWSON AND CLARK
Co-Counsel for Defendant
243 W. Congress, Suite 600
Detroit, MI 48226
(313) 256-8900
ddawson@dawson-clark.com
kclark@dawson-clark.com

S. THOMAS WIENNER (P29233)
WIENNER & GOULD, P.C.
Attorney for Lienholder Sommers Schwartz, P.C.
950 West University Dr., Ste. 350
Rochester, MI 48304
(248) 841-9400
twienner@wiennergould.com

_____

**BRIEF IN SUPPORT OF
RESPONSE OF SOMMERS SCHWARTZ, P.C. TO
MOTION OF ROBERT H. DARLING, PLLC AND
FRANCIS M. FITZGERALD, P.C. SEEKING, *INTER ALIA*,
<u>ORDER AUTHORIZING PAYMENT OF ATTORNEY FEES AND COSTS</u>**

## STATEMENT OF ISSUE PRESENTED

Should this Court authorize the distribution of settlement proceeds to Robert H. Darling, PLLC before it conducts a separate hearing to determine the extent of Sommers Schwartz's attorney lien?

    Sommers Schwartz, P.C. answers:  No.

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

Ambrose v. Detroit Edison Co., 65 Mich. App. 484, 237 N.W.2d 520 (1975)

Crawley v. Schick, 48 Mich. App. 728, 737, 211 N.W.2d 217 (1973)

Morris v. City of Detroit, 189 Mich. App. 271, 279, 472 N.W.2d 43, 47 (1991)

Reynolds v. Polen, 222 Mich. App. 20, 564 N.W.2d 467 (1997)

Smolen v. Dahlmann Apartments, Ltd., 186 Mich. App. 292, 296, 463 N.W.2d 261 (1990)

Wood v. DAIIE, 413 Mich. 573, 588, 321 N.W.2d 653 (1982)

## INTRODUCTION

Sommers Schwartz, P.C. ("Sommers Schwartz") was co-counsel of record for Plaintiff in this case from the time the original complaint was filed in state court until less than a month before a settlement agreement was reached among the parties. Robert H. Darling ("Darling") was the Sommers Schwartz lawyer responsible for handling the case until he resigned from the firm on June 18, 2012. This Court did not enter an order substituting Robert H. Darling, P.C. for Sommers Schwartz as co-counsel for plaintiff until August 1, 2012. The settlement agreement was reached on August 29, 2012.

There is now a dispute between Sommers Schwartz and Darling about the allocation between them of their share of the proposed award of costs and attorneys' fees. Sommers Schwartz does not object to the proposed settlement or to the distribution of the proceeds, except Sommers Schwartz does object to the distribution of any proceeds to Darling until the dispute between Darling and Sommers Schwartz can be resolved.

Sommers Schwartz and Darling agree that Sommers Schwartz is entitled to receive a *quantum meruit* recovery from Darling's share of the attorneys' fee award. They disagree, however, about how much that *quantum meruit* recovery should be, and how it should be calculated.

There are voluminous files and records reflecting the work Darling did on this case both while he was employed by Sommers Schwartz and after his departure from the firm. Sommers Schwartz has in its possession a copy of most of the records that were generated before Darling resigned from the firm, but he did not make any of his post-departure files and records available for inspection until December 4, 2012, the same day he filed the instant motion (even though he had promised at a meeting that took place on October 30, 2012 to make those files available).

1

The portions of the file which Sommers Schwartz selected for copying were not delivered to Sommers Schwartz until the day this brief is being filed. Even on December 4, 2012, Darling failed to produce his emails relating to this case, and to date has refused to do so.

Although Sommers Schwartz has not yet had a full and fair opportunity to analyze the file, it already is apparent that Darling has misrepresented the percentage of time he devoted to this case while employed by Sommers Schwartz and thereafter. Darling stated at the October 30, 2012 meeting that approximately 10% of his work on this case was done before he left Sommers Schwartz. He since has represented to this Court that approximately 17% of his work on the case preceded his resignation from Sommers Schwartz. It does not appear that either of those percentages is remotely accurate.

Moreover, Darling's calculations fail to account for the fact that Darling is not the lawyer who brought the case into the firm. Darling fails to give Sommers Schwartz any credit for investing the necessary time and money to work up the case, and taking the risk of loss, for nearly the entire time the case was pending. And Darling fails to consider the important public policy that courts should not encourage plaintiff's contingent fee lawyers to leave their firms shortly before they are about to achieve a large settlement so that they can keep for themselves the lion's share of the fee award and pay a relative pittance to their former partners.

Under these circumstances, Sommers Schwartz respectfully submits that the Court should approve the proposed settlement in this case and permit the distribution of all of the proceeds except the portion owed to Sommers Schwartz and Darling. The Court should direct that portion to be placed in escrow until Sommers Schwartz and Darling can complete their analysis and any necessary discovery, and attempt to resolve their dispute by agreement. If Sommers Schwartz and Darling are unable to agree upon a resolution of their dispute, then the Court should conduct

a separate hearing on the matter, and probably permit the introduction of evidence and the taking of any necessary testimony at that time.

## FACTS

Plaintiff retained Francis M. Fitzgerald, P.C. ("Fitzgerald") as counsel shortly after the motor vehicle accident at issue in this lawsuit. On May 16, 2011, Fitzgerald retained Sommers Schwartz as co-counsel to assist Fitzgerald in the prosecution of this wrongful death auto negligence lawsuit. Fitzgerald and Sommers Schwartz agreed to a percentage split of any attorney fee recovered in this matter.

The Fitzgerald referral to Sommers Schwartz came through Norman D. Tucker, a Sommers Schwartz partner. This was not the first matter that Fitzgerald had referred to Tucker. After being contacted by Fitzgerald, Tucker assigned this matter to his then-partner, Robert H. Darling. Fitzgerald had no prior relationship with Darling.

Soon after Sommers Schwartz was retained, the original complaint in this case was filed in state court on May 19, 2011 by Fitzgerald and Sommers Schwartz as co-counsel. An amended complaint was filed on September 2, 2011, and the case thereafter was removed to this Court.

From May 2011 until August 2012, counsel diligently prepared the case for trial. They retained numerous experts and engaged in extensive written discovery and depositions. The trial was scheduled to begin on September 4, 2012. (Doc #7.)

On June 18, 2012, Darling resigned from Sommers Schwartz. In light of Darling's departure, Sommers Schwartz gave Plaintiff the choice to move the file with Darling or keep it at Sommers Schwartz. Plaintiff elected to move the file to Darling's new practice.

On August 1, 2012, this Court entered an order substituting Robert H. Darling, P.C. for Sommers Schwartz as co-counsel for Plaintiff. (Doc # 53.) On August 13, 2012, the parties

3

participated in a settlement facilitation with Judge Rashid. Two weeks later, on August 29, 2012, the parties signed a written settlement agreement ending this lawsuit.

Following this settlement, Darling and Sommers Schwartz engaged in negotiations regarding satisfaction of Sommers Schwartz's lien on the prospective award of attorneys' fees. At a meeting on October 30, 2012, Sommers Schwartz requested Darling's complete post-departure file. Darling promised to make his complete file available for review. Despite this promise, Darling waited until December 4, 2012 to produce limited portions of his file (C2 Legal, an outside copy service, delivered a copy of the specified file materials this morning). Darling continues to withhold production of his emails, claiming that they contain attorney-client communications.

## **LEGAL ARGUMENT**

Under Michigan law, an attorney who is discharged for reasons other than prejudicial misconduct is entitled to *quantum meruit* recovery of attorney fees, *i.e.,* "as much as deserved," even in cases where parties had a contingency fee agreement. Reynolds v. Polen, 222 Mich. App. 20, 26, 564 N.W.2d 467 (1997). The Reynolds court explained that "there is no precise formula for assessing the reasonableness of an attorney's fee." *Id*. at 27. In Crawley v. Schick, 48 Mich. App. 728, 737, 211 N.W.2d 217 (1973), the Michigan Court of Appeals enumerated several nonexclusive factors appropriately considered for such a determination, including:

> (1) the professional standing and experience of the attorney; (2) the skill, time and labor involved; (3) the amount in question and the results achieved; (4) the difficulty of the case; (5) the expenses incurred; and (6) the nature and length of the professional relationship with the client. [*Id.* at 24-31.]

While the trial court should consider these factors, its decision need not be limited to these guidelines. Wood v. DAIIE, 413 Mich. 573, 588, 321 N.W.2d 653 (1982); Smolen v. Dahlmann Apartments, Ltd., 186 Mich. App. 292, 296, 463 N.W.2d 261 (1990). "The trial court may also

4

properly consider that the attorney originally agreed to render services on a contingency basis. Such a consideration would allow the court to consider the degree of risk undertaken by an attorney who was prematurely discharged." Morris v. City of Detroit, 189 Mich. App. 271, 279, 472 N.W.2d 43, 47 (1991).

In the present case, Sommers Schwartz (not Darling) had a preexisting relationship with Fitzgerald, the referring lawyer. Fitzgerald referred this file based upon his previous successful experience with Sommers Schwartz, and in particular Norman Tucker, not Darling. Fitzgerald and Darling had never previously worked together on a lawsuit.

Moreover, by accepting this matter on a contingency fee basis and fronting a large percentage of the fees and expenses on this file, Sommers Schwartz (not Darling) assumed the risk of failure. Darling assumed little risk as he departed shortly before the case was scheduled for facilitation and trial. Under these circumstances, it is inherently inequitable to award a substantial fee to a departing partner after his or her prior law firm has expended significant sums funding and otherwise supporting the litigation.

Sommers Schwartz has no objection to the Court approving the settlement and immediately authorizing distribution of settlement proceeds to parties other than Darling. Sommers Schwartz, however, asks the Court to direct the amount due Darling and Sommers Schwartz to be placed in escrow pending further discovery and a separate hearing. Sommers Schwartz is entitled to full access to Darling's post-departure file (including his emails). As previously noted, Sommers Schwartz has just received its copy of Darling's hard file and has not yet had a full opportunity to review and analyze the file. Sommers Schwartz will need some time to review these materials carefully and to incorporate them into a detailed chronology that Sommers Schwartz is currently preparing. Due process considerations mandate that Sommers

5

Schwartz is entitled to an evidentiary hearing to resolve its attorney lien.  See Ambrose v. Detroit Edison Co., 65 Mich. App. 484, 237 N.W.2d 520 (1975) (remanding determination of *quantum meruit* lien to the trial court for an evidentiary hearing).

     Darling is wrong to withhold emails and attempt to rush this Court to judgment based upon incomplete facts and a patently self-serving analysis.  Sommers Schwartz respectfully asks the Court to allow sufficient time for the dispute between Darling and Sommers Schwartz to be fairly and properly resolved.

                              Respectfully submitted,

                              /s/ S. Thomas Wienner (P29233)
                              Wienner & Gould, P.C.
                              Attorney for Lienholder Sommers Schwartz, P.C.
                              950 W. University Dr., Ste. 350
                              Rochester, MI  48307
                              (248) 841-9400
                              Primary email:  twienner@wiennergould.com

Date:  December 10, 2012

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JAMES BAILEY, as Personal Representative
of the Estate of Jane Bailey, deceased, and
JAMES BAILEY, as Next Friend of Robert
Bailey, a minor

       Plaintiff,                          Case No. 2:11-cv-14199

v.                                         Hon. George Caram Steeh
                                           Mag. Judge R. Steven Whalen

NYLONCRAFT, INC.,

       Defendant.

---

ROBERT H. DARLING (P25523)
ROBERT H. DARLING, PLLC
Attorney for Plaintiff
645 Griswold St., Ste 4200
Detroit, MI  48226
(313) 967-0245
rdarling@mckeenassociates.com

FRANCIS FITZGERALD (P27273)
Attorney for Plaintiff
35752 Harper Avenue, Unit A
Clinton Township, MI  48035
(586) 469-2100
fk@lawoptions.com

JESSE L. YOUNG (P72614)
SOMMERS SCHWARTZ, P.C.
Interested Party
2000 Town Center, Ste. 900
Southfield, MI  48075
(248) 355-0300
jyoung@sommerspc.com

BRUCE T. WALLACE (P24148)
Counsel for Robert H. Darling
126 South Main
Ann Arbor, MI  48104
(734) 662-4426
bwallace@hooperhathaway.com

MARK R. BENDURE (P23490)
Attorney for Robert H. Darling
645 Griswold, Suite 4100
Detroit, MI  48226
(313) 961-1525
bendurelaw@cs.com

KENNETH C. MERRITT (P29778)
TRENT B. COLLIER (P66448)
COLLINS, EINHORN, FARRELL & ULANOFF
Attorneys for Defendant
4000 Town Center, Suite 900
Southfield, MI  48075
(248) 355-4141
kenneth.merritt@ceflawyers.com
trent.collier@ceflawyers.com

DONALD H. DAWSON, Jr. (P29692)
KATHLEEN A. CLARK (P43295)
DAWSON AND CLARK
Co-Counsel for Defendant
243 W. Congress, Suite 600
Detroit, MI  48226
(313) 256-8900
ddawson@dawson-clark.com
kclark@dawson-clark.com

S. THOMAS WIENNER (P29233)
WIENNER & GOULD, P.C.
Attorney for Lienholder Sommers Schwartz, P.C.
950 West University Dr., Ste. 350
Rochester, MI  48304
(248) 841-9400
twienner@wiennergould.com

---

**CERTIFICATE OF SERVICE**

**CERTIFICATE OF SERVICE**

   I hereby certify that on December 10, 2012, I caused the electronic filing of the Response of Sommers Schwartz, P.C. to Motion of Robert H. Darling, PLLC and Francis M. Fitzgerald, P.C. Seeking, *Inter Alia*, Order Authorizing Payment of Attorney Fees and Costs with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Bruce T. Wallace  bwallace@hooperhathaway.com, wconrad@hooperhathaway.com

Donald H. Dawson , Jr  ddawson@dawson-clark.com, mlindsey@dawson-clark.com

Jesse L. Young  jyoung@sommerspc.com, adecoste@sommerspc.com

Kathleen A. Clark  kclark@dawson-clark.com, mlindsey@dawson-clark.com

Kenneth C. Merritt  Kenneth.Merritt@ceflawyers.com, beverly.sutherlin@ceflawyers.com,
  karen.schmidt@ceflawyers.com, trent.collier@ceflawyers.com

Mark R. Bendure  bendurelaw@cs.com

Robert H. Darling  rdarling@sommerspc.com, tblick@sommerspc.com

Trent B. Collier  trent.collier@ceflawyers.com, beverly.sutherlin@ceflawyers.com

   I also certify that I will serve copies via First Class U.S. Mail upon the following non-ECF participants:

Francis M. Fitzgerald
Francis M. Fitzgerald, P.C.
35752 Harper Ave., Ste. A
Clinton Twp., MI 48035

            /s/ S. Thomas Wienner (P29233)
            Wienner & Gould, P.C.
            Attorney for Lienholder Sommers Schwartz, P.C.
            950 W. University Dr., Ste. 350
            Rochester, MI  48307
            (248) 841-9400; Fax 652-2729
            Primary E-Mail:  twienner@wiennergould.com

Dated:  December 10, 2012