UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES BAILEY, as Personal
Representative of the Estate of JANE
BAILEY, deceased, and ROBERT
BAILEY,

    Plaintiffs,

-vs-

NYLONCRAFT, INC.,

    Defendant.

Case No: **11-14199-GCS-MAR**
Judge: George Caram Steeh
Magistrate R. Steven Whalen

_____/

## REPLY OF ROBERT DARLING RE: MOTION TO DETERMINE LIEN

## EXHIBITS

## CERTIFICATE OF SERVICE

## Introduction

This <u>Bailey</u> case was brought to a favorable settlement by the legal skills and effort of Robert H. Darling and Francis Fitzgerald's office. No member of the Sommers, Schwartz firm lifted a finger on the case.

The Sommers, Schwartz firm has filed a "lien" on Mr. Darling's attorney fees on the basis that he did some of the work on the case before the relationship was terminated on June 14, 2012.[1] Accordingly, counsel for Sommers, Schwartz filed an appearance on October 10, 2012 (see Docket Entries, Ex. 1, #80).[2]

In the intervening two months, Sommers, Schwartz has refused to quantify the amount of its claimed "lien". Finally, with approval of the settlement imminent, Darling has filed a Motion to Determine Lien. Sommers, Schwartz has filed its Response, without any evidentiary support, seeking to prevent the distribution of fees to Mr. Darling. This Reply addresses some of the arguments presented by Sommers, Schwartz.

## The Obligation To Establish Its Claim

Under the applicable fee agreement, the right to any fees was contingent on a recovery. While Mr. Darling was at the Sommers, Schwartz firm, this contingency was unmet—there was no offer, much less a settlement or recovery. The contingency—and

---

[1] The circumstances, reasons, and fault for the departure of Mr. Darling are matters of dispute, about which there is no apparent need to now trouble the Court. If the need to fully air these differences should arise, Darling will be more than willing to enlighten the Court.

[2] By October, the parties had reached a tentative settlement. Darling promptly and candidly advised his erstwhile colleagues of the settlement, leading to the "lien" claim and appearance on behalf of Sommers, Schwartz.

1

the resultant entitlement to fees—was accomplished by Mr. Darling after the termination of his relationship with Sommers, Schwartz.

Since the right to fees under the contingent fee agreement rests with Darling, who performed the contingency, any claim by Sommers, Schwartz rests on equitable principles, discussed infra. Their claim is subject to the principle that one seeking attorney fees bears the burden of proving the entitlement and amount. Smith v Khouri, 481 Mich 519, 528-529 (2008) ("The burden of proving the reasonableness of the requested fees rests with the party requesting them"); Adair v State, Ct. of App # 230858, rel'd 11/6/12 (Ex. 2), pp. 3-6. Similarly, as lien claimant, Sommers, Schwartz bears the burden of establishing the entitlement and amount of a lien claim. Joy Oil Co v Frueharf Trailer, 319 Mich 277, 282 (1947) ("The burden of proving a lien rests on the one claiming it"); Frank v Michigan, 263 B.R. 538, 542 (ED Mich, 2000) ("the burden of establishing [a lien's] validity rests with the party claiming it").

### The Documentation Available To And Voluntarily Provided To Sommers, Schwartz

In its attempt to delay or deny Mr. Darling's recovery of the fees due him, Sommers, Schwartz attempts to blame Darling for not being forthcoming with documentation. That assertion is simply untrue.

The parties and their counsel met to discuss a resolution of the multiple issues and claims involved in the termination of Mr. Darling's relationship with Sommers,

Schwartz.[3]  When no resolution was reached, Darling's counsel provided an extended proposal for a global resolution, to which Sommers, Schwartz has made no response.

With the parties having reached a stalemate, Darling might properly have simply insisted that Sommers, Schwartz bear its burden of proving its claim.  Instead, he went above and beyond the call of duty.

To begin with, the practice at Sommers, Schwartz was to electronically scan litigation documents.  The Court filings are available through the PACER system (Ex. 1).[4]  By comparing the two, Sommers, Schwartz has had two months to determine the time spent by Darling on the case before June 14th and offer a proposed hourly rate.

Rather than leaving it to Sommers, Schwartz to do this, Mr. Darling voluntarily undertook the initiative of full disclosure.  He prepared a detailed listing of time and provided it to Sommers, Schwartz (Ex. 3, previously attached to Motion to Determine Lien).

Beyond that, Darling allowed counsel for Sommers, Schwartz to review all the hard copy Bailey file materials, largely duplicating the electronic versions available on PACER and the Sommers, Schwartz electronic system.  Attached as Ex. 4 is the e-mail string regarding file inspection.

---

[3]  While Sommers, Schwartz offers its view of the settlement discussions, Darling will respect **FRE 408** by not belaboring the Court with his version unless requested to do so.

[4]  As the Docket Entries show, of the 90 entries to date, 28 were made before the June 14, 2012 departure date, while the remaining 62 occurred on or after that date. The entries show that the significant motion practice (as well as numerous depositions) and other activities leading up to the scheduled Final Pretrial Conference of August 28, 2012 occurred when Mr. Darling was on his own.

3

Reviewing the electronic in house records, PACER docket entries, and hard copy files was not enough. Sommers, Schwartz also wanted to photocopy portions of the Bailey file. Darling graciously cooperated with this request as well (Ex. 5).

Sommers, Schwartz also wanted to review the confidential documents submitted with the Motion to Approve Settlement. Despite privilege and confidentiality concerns, Darling provided the cost and attorney fee figures (Ex. 6).

With all of this information, Sommers, Schwartz then asked for Darling to print e-mails from his post-departure client communications. In response, Darling agreed "to provide screen shots of [e-mails after 6/14/12], showing the time, date, and heading" (Ex. 7). Sommers, Schwartz has chosen not to take advantage of that offer and, instead, has represented to this Court that Darling has been less than forthcoming. That representation is belied by the documentation of all that Darling has voluntarily provided. The Sommers, Schwartz effort to thwart payment of the attorney fees due Mr. Darling by claiming non-cooperation rings hollow.

### The Equitable Principles Presented

As discussed at the outset, the entity "Sommers, Schwartz" is a paper creation of the law. It did not do anything for the Baileys. The work was done by Robert Darling, plain and simple.

Its claim to recovery is based not on the fiction that it did any work on the case, for it did not. Instead, the claim is based on equitable principles; essentially that, for some time, Darling's partners chipped in on the overhead that helped support his work, and should therefore receive some share of the fees under equitable principles.

4

The same is equally true of receipts by Darling's partners after his departure for work done during his tenure. Just as when the shoe is on the other foot, Darling has an equitable interest in fees collected by others after his departure for work done during his tenure, which he partially subsidized (just like they did his).[5]

Sommers, Schwartz characterizes Darling as agreeing that it has some interest in the fees earned by Darling in Bailey. This is true only as far as it goes. Darling has repeatedly emphasized his willingness to engage in reciprocal fee-sharing. His recognition of some claim by Sommers, Schwartz is premised on that understanding.

Unfortunately, Sommers, Schwartz has recently disavowed that approach. Despite the disclosures by Darling, Sommers, Schwartz refuses to even identify the fees received in cases in which work was done during Darling's tenure. When asked to do so, the firm refused to provide this information, claiming that it is not "relevant" (Ex. 9).

Seemingly, Sommers, Schwartz is now taking the position that, "what's yours is ours; what's mine is mine". Its reliance on principles of equity must now be viewed in that light. Among the applicable equitable principles is that those who seek equity must do equity. Weeks v Scott, 849 F2d 1474 (6th Cir. 1988); Lorimer v Julius Knack, 246 Mich 214, 217 (1929); Moore v McDowell, 54 Mich App 657, 661 (1974). Another is that equity is equality. Auditor General Klenk, 367 Mich 65, 70 (1962); Windisch v Mortgage Securities, 254 Mich 492, 494 (1931).

---

[5] To use an example, if a recovery is made by another Sommers, Schwartz attorney after June 14th, and the value of work done before that is $20,000, Darling's share would be his proportionate interest. Using 20 equal partners to illustrate, Darling would receive 5% or $1,000 in our example.

5

Darling remains willing to acknowledge a <u>quantum</u> <u>meruit</u> lien by the Sommers, Schwartz attorneys on his fee in <u>Bailey</u> to the extent they recognize his reciprocal interest in fees they receive post-departure for work done in his tenure which he helped subsidize. The calculation, as previously discussed, simply involves multiplying the hours worked on the case while at Sommers, Schwartz by an appropriate hourly rate.

Sommers, Schwartz's current position seems to be (Ex. 9) that their attorneys are to keep the entirety of fees received after June 14, 2012 for work done during Darling's relationship with the firm. If that is the approach they prefer, Darling is willing to accept the equitable proposition that all attorneys keep fees from the cases they continued to handle.

### Conclusion

It should come as no surprise that the lien claim is part of a larger dispute arising from Mr. Darling's separation from the Sommers, Schwartz firm. The firm's opposition to the Court determining its lien, while refusing to quantify its claim, and keeping the entirety of the fees earned by other attorneys, is best seen as an effort to tie up Mr. Darling's fees to obtain some perceived leverage or advantage in the broader disagreement.

As the lien claimant, Sommers, Schwartz has had ample time to quantify its lien. Darling has bent over backwards to provide full disclosure and access to Sommers, Schwartz (Exs. 4-8) while his only request has been rebuffed (Ex. 9).

There is no reason for further delay. Sommers, Schwartz should either agree to reciprocal liens for all cases handled post-departure for pre-departure work, or it should

agree that everyone keeps the fees earned. Darling has agreed, and now offers, a "fielder's choice". What is not equitable is the Sommers, Schwartz demand to have it both ways.

When the firm makes up its mind, the Court can determine the <u>Bailey</u> lien, if any. If the choice is to keep all post-departure fees, Darling should retain those earned by him. If it chooses to recognize equal lien rights, its recovery can be determined by the <u>quantum meruit</u> calculation of hourly rate times hours, while Darling's claim is calculated by the identical measure.

**RESPECTFULLY SUBMITTED,**

/s/MARK R. BENDURE (P23490)  
Attorneys for Robert H. Darling  
Bendure & Thomas  
645 Griswold Street, Suite 4100  
Detroit, MI 48226  
(313) 961-1525  
bendurelaw@cs.com  

/s/BRUCE T. WALLACE (P24148)  
Counsel for Robert H. Darling and  
McKeen & Associates  
Hooper, Hathaway, Price, Beuche,  
& Wallace  
126 South Main Street  
Ann Arbor, MI 48104  
(734) 662-4426  
bwallace@hooperhathaway.com  

Dated: December 11, 2012

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES BAILEY, as Personal
Representative of the Estate of JANE
BAILEY, deceased, and ROBERT
BAILEY,

    Plaintiffs,

NYLONCRAFT, INC.,

    Defendant.

Case No: **11-14199-GCS-MAR**
Judge: George Caram Steeh
Magistrate R. Steven Whalen

**CERTIFICATE OF SERVICE**

_____/

ROBERT H. DARLING (P25523)
Attorneys for Plaintiffs
Robert H. Darling, PLLC
645 Griswold Street, Suite 4100
Detroit, MI 48226
(313) 966-0246
rdarling@mckeenassociates.com

MARK R. BENDURE (P23490)
Attorneys for Robert H. Darling
Bendure & Thomas
645 Griswold Street, Suite 4100
Detroit, MI 48226
(313) 961-1525
bendurelaw@cs.com

KENNETH MERRITT (P29778)
Attorney for Defendant
Collins, Einhorn, Farrell
& Ulanoff, PC
4000 Town Center, Suite 909
Southfield, MI 48075
(248) 355-4141
Kenneth.merritt@ceflawyers.com

FRANCIS FITZGERALD (P27273)
Attorneys for Plaintiffs
Francis M. Fitzgerald, PC
35752 Harper Avenue, Unit A
Clinton Township, MI 48035
(586) 469-2100
fk@lawoptions.com

BRUCE T. WALLACE (P24148)
Counsel for Robert H. Darling and
McKeen & Associates
Hooper, Hathaway, Price, Beuche,
& Wallace
126 South Main Street
Ann Arbor, MI 48104
(734) 662-4426
bwallace@hooperhathaway.com

DONALD H. DAWSON, JR. (P29692)
KATHLEEN A. CLARK (P43295)
Co-Counsel for Defendant
Dawson & Clark, PC
243 W. Congress, Suite 600
Detroit, MI 48226
(313) 256-8900
ddawson@dawson-clark.com
kclark@dawson-clark.com

S. THOMAS WIENNER (P29233)
Attorney for Lienholder Sommers
Schwartz, PC
Wienner & Gould, PC
950 West University Drive, #350
Rochester, MI 48304
(248) 841-9400
twienner@wiennergould.com

JESSE L. YOUNG (P72614)
Attorney for Interested Party
Jesse L. Young
Sommers Schwartz
2000 Town Center, Suite 909
Southfield, MI 48075
(248) 351-0300
jyoung@sommerspc.com

/

## CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2012, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

ROBERT H. DARLING (P25523)
Attorneys for Plaintiffs
Robert H. Darling, PLLC
645 Griswold Street, Suite 4100
Detroit, MI 48226
(313) 966-0246
rdarling@mckeenassociates.com

FRANCIS FITZGERALD (P27273)
Attorneys for Plaintiffs
Francis M. Fitzgerald, PC
35752 Harper Avenue, Unit A
Clinton Township, MI 48035
(586) 469-2100
fk@lawoptions.com

BRUCE T. WALLACE (P24148)
Counsel for Robert H. Darling and
McKeen & Associates
Hooper, Hathaway, Price, Beuche,
& Wallace
126 South Main Street
Ann Arbor, MI 48104
(734) 662-4426
bwallace@hooperhathaway.com

KENNETH MERRITT (P29778)
Attorney for Defendant
Collins, Einhorn, Farrell
& Ulanoff, PC
4000 Town Center, Suite 909
Southfield, MI 48075
(248) 355-4141
Kenneth.merritt@ceflawyers.com

DONALD H. DAWSON, JR. (P29692)
KATHLEEN A. CLARK (P43295)
Co-Counsel for Defendant
Dawson & Clark, PC
243 W. Congress, Suite 600
Detroit, MI 48226
(313) 256-8900
ddawson@dawson-clark.com
kclark@dawson-clark.com

2

| | |
|---|---|
| S. THOMAS WIENNER (P29233)<br>Attorney for Lienholder Sommers<br>Schwartz, PC<br>Wienner & Gould, PC<br>950 West University Drive, #350<br>Rochester, MI 48304<br>(248) 841-9400<br>twienner@wiennergould.com | JESSE L. YOUNG (P72614)<br>Attorney for Interested Party<br>Jesse L. Young<br>Sommers Schwartz<br>2000 Town Center, Suite 909<br>Southfield, MI 48075<br>(248) 351-0300<br>jyoung@sommerspc.com |

RESPECTFULLY SUBMITTED,

**BENDURE & THOMAS**

By:     /s/ Mark R. Bendure
   MARK R. BENDURE (P23490)
Attorneys for Robert H. Darling
645 Griswold, Suite 4100
Detroit, Michigan 48226
(313) 961-1525
bendurelaw@cs.com

3